**Elimane SY, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–0210–ag.

United States Court of Appeals, Second Circuit.

Nov. 10, 2008.

89

Ronald S. Salomon, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Office of Immigration Litigation, P. Michael Truman, Attorney, Office of Immigration Litigation, Clynnetta K.P. Neely, Law Intern, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Elimane Sy, a native and citizen of Mauritania, seeks review of the December 14, 2007 order of the BIA affirming the December 22, 2005 decision of Immigration Judge ("IJ") George T. Chew, denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Elimane Sy,* No. A98 228 896 (B.I.A. Dec. 14, 2007), *aff'g* No. A98 228 896 (Immig. Ct. N.Y. City Dec. 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA rejected the IJ's adverse credibility determination but affirmed the IJ's decision on alternative grounds not discussed by the IJ. When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Because the BIA declined to adopt the IJ's adverse credibility determination, we also assume, but do not determine, Sy's credibility. *See id.* at 271. We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

To the extent the BIA concluded that neither Sy's 1989 expulsion to Senegal nor his 2003 detention rose to the level of persecution because Sy did not suffer "actual harm," we identify error. Sy testified that when his family was evicted by government soldiers in 1989, the soldiers beat him and his brothers with the butts of their rifles. Sy also testified that he was beaten and kicked until he boarded the ferry to Senegal, where he remained until 1996. Finally, Sy testified that during his week-long detention in November 2003 following a protest against the election results, he was undressed and beaten.

In concluding that this alleged mistreatment did not constitute "actual harm" evi-

dencing persecution, the BIA failed to identify the proper standard, and may have applied a more restrictive standard than the one identified in *Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006). There we explained that whether mistreatment rises to the level of persecution "must be assessed with regard to the *context* in which the mistreatment occurs," and that conduct "that, in other contexts, could fairly be characterized as the mere annoyance and distress of harassment, can take on an entirely different character when officially inflicted on an individual while detained on account of protected grounds." *See id.* (emphasis in original; internal quotation marks and citation omitted). The BIA's failure to consider Sy's testimony in light of this standard prompts us to remand. *See Gjolaj v. BCIS,* 468 F.3d 140, 142 (2d Cir.2006).

We also identify error in the BIA's conclusion that Sy did not demonstrate a nexus between this mistreatment and a protected ground. First, the BIA did not acknowledge that aspect of Sy's testimony linking the detailed government mistreatment to his Fulani ethnicity. *See Tian-Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004). Sy testified that the military evicted him and his family from their home and expelled him from the country in June 1989 because he was Fulani. Sy was beaten during the course of this forcible expulsion. Accordingly, remand is warranted to ensure the BIA's evaluation of this nexus evidence.

The BIA also failed to consider the political dimension of Sy's 2003 arrest and detention. Although Sy stated in his asylum application that he "was never involved or ... associated with any political group" in Mauritania, he testified that in November 2003 he voted for the opposition candidate and protested the results of the election. Sy further testified that "[i]t was all of us Fulani, we were behind the opposition and then we went, we were marching to say that we did not agree" with the election results. Sy argues that he was arrested, detained, and beaten following the protest on account of this imputed political opinion.

The BIA rejected this argument on grounds that Sy's "arrest was triggered by an unlawful demonstration" and it concluded that Sy failed to show that this detention occurred "on account of a protected ground." We have explained, however, that "the fact that the conduct underlying an arrest violated a generally applicable law does not automatically preclude finding that the circumstances of the arrest combined with physical mistreatment or degradation constitute past persecution." *Beskovic v. Gonzales,* 467 F.3d at 226; *In re S–P–,* 21 I. & N. Dec. 486, 489–90 (BIA 1996). In assessing the circumstances of such an arrest, the BIA must not ignore the political context of government mistreatment of persons protesting the forces in power, *see Vumi v. Gonzales,* 502 F.3d 150, 156 (2d Cir.2007); *Osorio v. INS,* 18 F.3d 1017, 1030 (2d Cir.1994), particularly where, as here, the protest results not simply in arrest, but in the protestor's family losing its home and the protestor being beaten and then expelled from the country.

The BIA also determined that Sy did not establish a well-founded fear of future persecution. Remand is required on this question, however, because Sy will be entitled to a rebuttable presumption of a well-founded fear of future persecution if the BIA concludes, under the proper standard, that Sy suffered past persecution. 8 C.F.R. § 1208.13(b)(1).

In light of the errors outlined above, we cannot confidently predict that on remand the BIA would again conclude that Sy does not have a well-founded fear of future persecution. *See Xiao Ji Chen v. U.S. Dep't*

*of Justice,* 471 F.3d 315, 335 (2d Cir.2006). We express no opinion on whether Sy qualifies for relief, however, and we remand for the BIA to consider in the first instance Sy's past persecution and nexus arguments under the proper legal standards.

Finally, with respect to Sy's claim for CAT relief, the BIA found that he "failed to submit any evidence demonstrating, or even suggesting, that it is more likely than not that he would be tortured upon his return to Mauritania." However, as the BIA acknowledged, Sy testified that he was tortured in detention. Accordingly, on remand the BIA should consider Sy's CAT claim in light of his testimony. *See Tian–Yong Chen,* 359 F.3d at 128.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).